UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ENRIQUE DEFENDINI,<br><br>    Plaintiff,<br><br>vs.<br><br>HORIZON LINES, LLC, *in personam;* S.S. NAVIGATOR, *in rem;* and, ABC INSURANCE COMPANY, *in personam,*<br><br>    Defendants. | CIVIL NO.:<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

### VERIFIED COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** the plaintiff, Enrique Defendini, through undersigned counsel, for his *Verified Complaint* against defendants, S.S. NAVIGATOR (hereinafter "NAVIGATOR"), *in rem;* and, Horizon Lines, LLC (hereinafter "Horizon") and ABC Insurance Company (hereinafter "ABC"), *in personam,* and respectfully alleges, states and prays:

### I.   PARTIES AND JURISDICTION

1. Plaintiff is a seaman and, pursuant to 28 U.S.C. § 1916, is entitled to prosecute the instant action without prepaying filing fees or costs.

2. Plaintiff is a United States citizen and a resident of Puerto Rico.

3. The S.S. NAVIGATOR is a cargo ship, with official number 541868, IMO number 7116315, owned and/or operated by Horizon and insured by ABC.

4. Defendant, Horizon, is a corporation organized and existing under the laws of a jurisdiction other than Puerto Rico, with its principal place of business outside of Puerto Rico.

5. Horizon is engaged in the transportation of goods over water, and its vessels regularly call on one or more ports in Puerto Rico.

6. Defendant, ABC, is an insurance company or Protection and Indemnity Club/Association, which insured the NAVIGATOR during the course of Plaintiff's employment aboard this ship.

7. Pursuant to 46 U.S.C. § 30104 (formerly 46 U.S.C. § 688), any seaman who shall suffer personal injuries in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury.

8. Plaintiff sustained personal injuries in the course of his employment aboard the NAVIGATOR, which is owned and operated by Horizon.

9. By virtue of the foregoing, this Honorable Court has jurisdiction over the parties and subject matter of this action, pursuant to 28 U.S.C. §§ 1331-32.

10. Plaintiff demands trial by jury.

## II. FACTS

12. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1-10, all inclusive, with the same force and effect as if set forth at length herein.

13. On May 17th, 2011, Plaintiff was signed for an initial tour of duty as an able seaman aboard the NAVIGATOR, which is owned and operated by Horizon.

14. From that date until August 15th, 2011, Plaintiff worked on maintenance duties at the same vessel. These duties included the use of power and pneumatic tools such as needle guns, chisels and grinders for excessive periods of time and, in some instances, not designed or intended for the job Plaintiff was performing, within restricted and constrained spaces, without adequate rest periods.

15. This maintenance work was performed while the NAVIGATOR was underway in the high seas, outside the territorial waters of Puerto Rico.

16. On October 4th, 2011, Plaintiff signed for a second tour of duty as an able seaman, performing the same maintenance tasks, under the same circumstances alleged before, aboard the NAVIGATOR.

17. Plaintiff's second tour of duty ended in January 2nd, 2012.

18. On May 21st, 2012, Plaintiff signed for a third and final tour of duty as an able seaman, performing the same

maintenance tasks, under the same circumstances alleged before, aboard the NAVIGATOR.

19. Plaintiff's third and final tour of duty ended in July 30th, 2012.

20. During his tours of duty, Plaintiff complained to his immediate supervisor about the lack of the correct power and pneumatic tools and related equipment to perform his job.

21. During his last tour of duty, Plaintiff began losing sleep because he started feeling numbness and consistent dull pain in both of his arms.

22. After finishing his last tour of duty, Plaintiff attended a physiatrist in order to learn about the cause of these problems.

23. As a result of the repeated and excessive use of inadequate power and pneumatic tools, within restricted spaces, and the lack of adequate rest periods, Plaintiff started to suffer from acute pain and numbness in his lower back and both of his arms.

24. On August 1st, 2012, Plaintiff underwent some electrodiagnostic studies which reflected that he suffered from carpal tunnel syndrome in both of his hands.

25. On August 2nd, 2012, Plaintiff underwent an MRI study which reflected a cervical disc herniation at C6/C7 and a small syrinx extending from C5 to C7.  This condition is causing

compression of the right ventral cord and right neural foramina.

26. Plaintiff was referred to a neurosurgeon.

27. During the month of August 2012, Plaintiff was examined by a neurosurgeon who recommended an additional MRI study.

28. On September 26th, 2012, Plaintiff underwent another MRI study, which reflected a multilevel degenerative disc and apophysical joint disease.

29. Plaintiff is currently under medical treatment with a physiatrist and a neurosurgeon and is not fit for duty.

### III. FIRST CLAIM FOR RELIEF
### (Jones Act Negligence)

30. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1-29, all inclusive, with the same force and effect as if set forth at length herein.

31. At all times herein mentioned, the defendants had a duty of care toward Plaintiff.

32. During his employment aboard the NAVIGATOR, Horizon was negligent in: forcing Plaintiff to work with inadequate power and pneumatic tools, for extremely long periods of time; in failing to provide adequate medical attention and failing to use the appropriate procedures to care for Plaintiff; in failing to conduct a job hazard analysis; in failing to procure timely shore side medical attention and treatment; and, in failing to provide Plaintiff with a reasonable safe place to work.

33. As a result of the negligence of the crew of the vessel, Plaintiff suffered injuries that disabled him to the point that he can no longer hold a job position where he has to work while standing up.

34. As a result of the foregoing, Plaintiff has been caused to endure pain and mental anguish, has become unable to pursue his usual vocation with a consequent loss of earnings, and loss of the ability to enjoy life.

35. Before suffering his injuries, Plaintiff used to enjoy a very active lifestyle.

36. Upon information and belief the injuries and damages related in the preceding paragraphs will continue for an unknown period in the future and the physical injuries resulted in permanent disability, pain and disuse.

37. As result of the foregoing Plaintiff, Enrique Defendini, has sustained damages in an amount presently estimated to be no less than two million dollars ($2,000,000.00).

### IV. SECOND CLAIM FOR RELIEF
### (Unseaworthiness)

38. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1-37, all inclusive, with the same force and effect as if set forth at length herein.

39. Defendants NAVIGATOR, at all times herein mentioned was unseaworthy because her crew was not fit for its intended purpose. The medical personnel aboard the vessel failed to use

the appropriate procedures to care for Plaintiff; to provide adequate medical attention and treatment; failed to procure timely shore side medical attention and treatment; and in otherwise failing to exercise the care and caution to prevent the happening of the injuries sustained by Plaintiff.

40. In addition, the vessel was unseaworthy because Plaintiff was forced to use power and pneumatic tools that were not designed for the type of work performed by him. Therefore, the vessels' lack of proper equipment prevented Plaintiff from performing his job in a safe and efficient manner.

41. As a result of the foregoing, Plaintiff sustained the above related injuries and damages.

### V. THIRD CLAIM FOR RELIEF
### (Cure)

38. Plaintiff repeats and reiterates each and every allegation contained in paragraphs 1-41, all inclusive, with the same force and effect as if set forth at length herein.

39. Under general maritime law, a seaman who becomes disabled during his employment as a result of illness or injury, is entitled to the payment of cure up to the point of maximum cure, regardless of the fault or negligence of his employer.

40. Defendants owe Plaintiff the corresponding payments for cure for the injuries he sustained aboard the NAVIGATOR.

**WHEREFORE**, Plaintiff Enrique Defendini respectfully prays from this Honorable Court:

1. That judgment be entered against the defendants in the First and Second Claims for Relief for two million dollars ($2,000,000.00), together with interest, costs, and attorneys fees.

2. That judgment be entered against defendants in the Third Claim for Relief for all payments of cure.

3. That Plaintiff be awarded such other relief as he may be entitled to receive.

## VERIFICATION

### STATEMENT UNDER PENALTY OF PERJURY

I, Enrique Defendini, under penalty of perjury, hereby state:

1. That the averments contained in the *Verified Complaint* are true and correct.
2. That I have read the forgoing *Verified Complaint* and believe the allegations contained therein are true.
3. Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 21st, 2012, in San Juan, Puerto Rico.

Enrique Defendini

**RESPECTFULY SUBMITTED.**

In San Juan, Puerto Rico this 21st day of November, 2012.

s/*Manuel Sosa-Báez*
Manuel Sosa-Báez
Bar Number: 218807
**SALDANA, CARVAJAL & VÉLEZ-RIVÉ, PSC**
166 Constitution Ave.
San Juan, PR 00901
Tel. (787)289-9250
Fax. (787)289-9253
Email: msosa@scvrlaw.com

9