IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ENRIQUE DEFENDINI,<br><br>    Plaintiff,<br><br>    vs.<br><br>HORIZON LINES, LLC, *in personam;* S.S. NAVIGATOR, *in rem*; and, ABC INSURANCE COMPANY, *in personam*,<br><br>    Defendants. | CIVIL NO.: 12-cv-01952(FAB)<br><br>PLAINTIFF DEMANDS TRIAL BY JURY |

### NOTICE OF INTERLOCUTORY APPEAL

Notice is hereby given that plaintiff, Enrique Defendini (hereinafter referred to as "Plaintiff") hereby appeals pursuant to 28 U.S.C. §1292(a)(3) from the following *Order* entered in the above-captioned action:

The *Order* entered on June 17th, 2013, [Docket No. 26], denying Plaintiff's *Motion for Reconsideration* of the *Order* denying Plaintiff's *Motion for Leave to File Amended Complaint* [Docket No. 20]. The Plaintiff and appellant is Enrique Defendini. The Defendant and appellee is HORIZON LINES, LLC.

Plaintiff is a ward of this Honorable Court and, conversely, this Court is Plaintiff's guardian. It is respectfully submitted that the *Order* entered on June 17th, 2013, [Docket No. 26], does not afford Plaintiff the special protections he is entitled to as a seaman who is a ward of

this Court.

**ARGUMENT**

The United States Court of Appeals for the First Circuit recognizes that 28 U.S.C. § 1292(a)(3) "broadly permits admiralty appeals." S.S. Tropic Breeze v. Tropical Commerce Corp., 456 F.2d 137, 139 (1st Cir. 1972). For an interlocutory order to be appealable under § 1292(a)(3), "it need not address all of the rights and liabilities at issue in the litigation." Martha's Vineyard Scuba Headquarters, Inc. v. Unidentified, Wrecked and Abandoned Steam Vessel, 833 F. 2d 1059, 1064 (1st Cir. 1987). It is enough that "the order conclusively **lashes down the merits of some particular claim or defense**." Id. [emphasis ours]; Puerto Rico Ports Auth. v. Barge Katy-B, 427 F.3d. 93, 100 (1st Cir. 2005) ("If the order 'lashes down the merits of some particular claim or defense' advanced in the case in a way that implicates the parties' substantive rights, the statute applies.").

The First Circuit has declared that three elements must be present for that court to have jurisdiction pursuant to § 1292(a)(3):

(1) The underlying case must be an admiralty case;

(2) The appeal must be from an interlocutory order or decree of the district court; and,

(3) The order or decree must have determined the rights

and liabilities of the parties.

See Doyle v. Huntress, Inc., 419 F.3d 3, 6 (1st Cir. 2005).

In the instant case, the first prong is met by virtue of the *Verified Complaint* in which Mr. Defendini, a Jones Act seaman, asserts two causes of action pursuant to general maritime law: unseaworthiness and cure. As to the second prong, the *Order* is interlocutory because there are plenty of issues still unresolved and the only issue addressed by it was Plaintiff's request to amend his *Verified Complaint*. See Doyle, 419 F.3d at 6-7.[1]

As to the third prong, "a decision on the merits of the claims or defenses underlying the dispute which determines substantive rights" must be identified. See id. at 7. The First Circuit remarked that "determining the rights and liabilities of a party as to a discrete issue contemplates that the order in question affects substantive rights, not 'merely procedural, tactical, or adjectival entitlements.'" Barge Katy-B, 427 F.3d at 100.

The Federal Rules of Civil Procedure provide that "**leave [to amend a complaint] shall be freely given when justice so requires**." See Fed. R. Civ. P. 15(a) [emphasis ours]. Absent factors such as undue delay, bad faith or dilatory

---

[1] "Although the district court's decision and order did not fully resolve the plaintiff's claims regarding their ultimate damages, it did conclusively determine the substantive grounds of the complaint." Doyle, 419 F.3d at 7.

motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or "futility of amendment", the leave sought should be granted. See Executive Leasing v. BPPR, 48 F.3d 66 (1st Cir. 1995), citing Foman v. Davis, 317 U.S. 178, 182 (1962); Safeway Transp., Inc. v. West Chambers Transp., Inc., 100 F. Supp. 2d 442 (S.D. Tex. 2000) (amendments to state additional claims are frequently granted).

Hence, Plaintiff's substantive rights will be affected by this Honorable Court's admiralty decree, as provided by 28 U.S.C. § 1292(a)(3), since his request to amend the *Verified Complaint* to include an additional cause of action was denied.  As previously stated, Plaintiff is a ward of this Honorable Court and this Court is his guardian.  It is respectfully submitted that the *Order* entered on June 17th, 2013, [Docket No. 26], does not afford Plaintiff the special protections he is entitled to as a ward of this Court.

**WHEREFORE**, plaintiff, Enrique Defendini appeals pursuant to 28 U.S.C. §1292(a)(3) from the *Order* entered on June 17th, 2013, [Docket No. 26], denying Plaintiff's *Motion for Reconsideration* of the *Order* denying Plaintiff's *Motion for Leave to File Amended Complaint* [Docket No. 20].

4

**I HEREBY CERTIFY** that on this date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel and parties of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 26th day of June, 2013.

*s/Manuel Sosa-Báez*
Manuel Sosa-Báez
Bar Number: 218807
Counsel for Plaintiff-Appellant
**SALDAÑA, CARVAJAL & VÉLEZ-RIVÉ, PSC**
166 Ave. De la Constitución
San Juan, PR 00901
Tel.: (787) 289-9250
Fax: (787) 289-9253
E-mail: msosa@scvrlaw.com